Argued September 20, reversed and remanded October 19, 1971

## STATE OF OREGON, *Respondent, v.*
## JEFF FAHEY (No. 24912), *Appellant.*
### 489 P2d 980

*Robert J. McCrea,* Eugene, argued the cause for appellant. With him on the brief were Mulder, Morrow & McCrea, Eugene.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Defendant appeals from a conviction for possession of dangerous drugs, ORS 475.100, assigning numerous errors, only one of which we need consider.

Defendant claims his motion to suppress the evidence seized from his home should have been granted because the affidavit filed in application for a search warrant was inadequate to support the issuance of a warrant. Finding the facts at bar to be a virtual carbon copy of those involved in *State v. Metler,* 6 Or App 356, 487 P2d 1377 (1971), we agree.

In *Metler,* the Benton County and Corvallis police had probable cause to believe there was illegal drug activity going on at a 17th Street address in that city. They also had a 49th Street residence under surveillance, and observed:

"* * * 'several persons [unidentified] going to the residence * * * stay a few minutes, leave and place a package [undescribed] in the trunk of the vehicle [undescribed] and drive off.' * * *" 6 Or App at 359.

Also, during the surveillance of the 49th Street residence, the police observed one of the occupants of the 17th Street residence, Chris Wood, enter the 49th Street residence, stay a few minutes, and leave. Nothing was said as to whether Chris Wood left the 49th Street address with anything.

The question in *Metler* was whether these facts constituted probable cause to issue a warrant to search

the 49th Street residence. We held that they did not, concluding:

"* * * The only connection between the illegal activities at the 17th Street and the 49th Street premises is that Chris Wood entered and left the 49th Street premises shortly before he was arrested at the 17th Street residence with marihuana in his possession.

"* * * * * *

"* * * Unless we are prepared to say that because Chris Wood's car was being used in drug traffic there existed probable cause to search every place Chris Wood entered, the affidavits do not disclose probable cause to search the 49th Street residence." 6 Or App at 360.

The case at bar involves police surveillance of the same 49th Street address involved in *Metler*. To support the issuance of the instant search warrant, the affidavit stated:

(1) The evening of July 8, 1970, the police executed a search warrant at the 49th Street address and found large amounts of drugs;

(2) Earlier that same day the police had "observed a red Volkswagen * * * arrive at said residence [49th Street]; the occupants went inside, returned to the vehicle approximately two minutes later carrying something [undescribed] and left * * *.";

(3) The police learned that the driver of the Volkswagen was Mark Cadman, and the passenger was Kerm Whittemore, one of the residents at the 49th Street address. They further learned that Cadman and Jeff Fahey lived at a Lancaster Drive address in Corvallis;

(4) Finally, the police learned that the Volkswagen proceeded to the Lancaster Drive address and that three persons (undescribed) entered that residence and

returned "to the vehicle carrying two boxes [undescribed]." Nothing was said as to whether any of these undescribed persons entered the Lancaster Drive premises carrying anything.

The question is whether this affidavit discloses sufficient facts to constitute probable cause to believe there were narcotics at the Lancaster Drive residence. Based on the authority of *State v. Metler,* supra, and the cases cited therein, we hold that it does not. In *Metler* all that was shown was that Chris Wood, a suspected narcotics dealer, had entered and left a certain premises. We were not willing to say that this fact alone furnished probable cause to search every place Chris Wood had been. In the instant case, all that is shown is that one of the residents of the Lancaster Drive address entered and left a residence where the police suspected drugs were being sold. We are now unwilling to say that this fact alone furnishes probable cause to search the home of every person who visits a place where drugs are possibly being sold.

We repeat one final point from *Metler*:

"* * * affidavits for search warrants, being normally drafted by non-lawyers in the midst and haste of criminal investigation, should not be hypertechnically construed. * * * However, if affidavits are to have any relevance this doctrine cannot be stretched to the point where we will infer the existence of facts not even alluded to in the affidavit * * *." 6 Or App at 361.

Only by applying the doctrine of guilt by association, not bolstered by any other evidence, could we infer from the affidavit in this case that Mark Cadman had a connection with the drug activities at 49th Street; or that he went there on the day in question to buy or sell drugs; or that the undescribed package he carried

from the 49th Street residence contained narcotics; or that anything at all was carried into the Lancaster Drive residence; or that the undescribed boxes carried out of the Lancaster Drive premises contained narcotics.

Reversed and remanded.